S. W. BURNHAM v. STATE OF NEBRASKA, EX REL.
FARMERS LOAN & TRUST COMPANY.

FILED APRIL 4, 1895.   No. 6584.

1. **Registration of Tax Deeds.**  The provision of the revenue law for the recording of treasurer's tax deeds is mandatory in the sense only that it is made the duty of the register of deeds to record such conveyances when presented for that purpose, accompanied by the fee prescribed by law.

2. County Treasurers: Tax Deeds: Collection of Regis-
TRATION Fees.   A county treasurer is not entitled as a condi-
tion to the execution and delivery of a tax deed to demand and
collect the fee allowed the register of deeds for recording the
evidence upon which such conveyances are issued.

Error from the district court of Lancaster county.
Tried below before Strode, J.

*W. H. Woodward*, for plaintiff in error.

*M. J. Sweeley* and *John L. Doty*, contra.

Post, J.

This is a petition in error from the district court for
Lancaster county and presents for review the judgment of
that court awarding a peremptory *mandamus*, commanding
the plaintiff in error, as county treasurer, to execute and
deliver to the relator, defendant in error, a treasurer's tax
deed for certain property in said county.   The only de-
fense interposed by the respondent below is indicated by
the following quotation from his answer: "For a further
answer to the petition defendant says that he refused to
make, execute, and deliver to the plaintiff a tax deed to
the land in question for the reason that the plaintiff failed
and refused to comply with the statutes in such cases made,
in that it failed and refused to tender to defendant the nec-
essary money and funds to pay the register of deeds of said
county for recording the evidence upon which said tax deed
would be issued, to-wit, the notice, affidavit, and certificate;
that by the statutes of this state it is made the duty of the
register of deeds to record such evidence as above specified,
and allow the said register to charge the regular fees for
placing the same on record, and makes it the duty of this
defendant, as county treasurer, to deliver to the register of
deeds the evidence upon which said tax deed should be is-
sued for the purpose of having the same recorded," etc.   It
will be observed that there is here presented no question

involving fees payable to the treasurer himself as a condition to the execution of the tax deed. The single point of the controversy is the duty of the respondent to protect the register of deeds by collecting in advance fees which the latter is by law authorized to charge for recording the evidence upon which such deeds are issued.

The provisions of statute to which we have been referred as bearing upon the subject are section 123 of the revenue law, requiring notice of the expiration of the time of redemption, and which is made a condition precedent to the right of the purchaser to demand a deed; section 124, requiring proof of service of notice by affidavit and prescribing a penalty for false swearing; section 126, authorizing the execution of deeds on request within the prescribed period after the expiration of the time within which to redeem, upon the production of the certificate of purchase, and upon compliance with the preceding sections; section 127, prescribing the form of tax deeds and providing that they shall be recorded in the same manner as other conveyances of real estate; and section 128, which is here set out: "County clerks shall record the evidence upon which the deeds are issued, and be entitled to the same fee therefor that may be allowed by law for recording deeds, and the county treasurer shall deliver the same to the county clerk for that purpose, and in case of the loss of any certificate, on being fully satisfied thereof by due proof, and bond given to the state of Nebraska in a sum equal to the value of the property conveyed, as in cases of lost notes or other commercial paper, the county treasurer may execute and deliver the proper conveyance, and file such proof and bond with the clerk to be recorded as aforesaid."

We are unable to perceive any substantial grounds for the claim of the plaintiff in error. The foregoing provisions, so far as they relate to the record of the evidence of title, are, like all kindred provisions, for the benefit of the

purchaser, and may, therefore, be waived by him. They are mandatory in the sense that it is the duty of the treasurer to execute the deed on the production of the evidence prescribed by statute, and also the duty of the register to record such deed and evidence on request and tender of the requisite fee, but in no other sense can they be said to be mandatory. The recording of his tax deed is a subject within the discretion of the defendant in error, and the inference is a reasonable one in view of recent constructions of the revenue law that it does not attach sufficient importance to a treasurer's deed as evidence of title to justify the expense of procuring it to be recorded; but however that may be, it will be time for the plaintiff in error to deliver to the register of deeds the statutory evidence whenever the defendant in error shall present his deed for record and tender the proper fee therefor, including charges for the recording of the evidence here mentioned. The judgment is right and is accordingly

AFFIRMED.